UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

STARR A.,[1]

        Plaintiff,

v.                               CIVIL ACTION NO.: 2:23cv460

MARTIN O'MALLEY,[2]
COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

## FINAL ORDER

This matter comes before the court on Plaintiff's Objections, ECF No. 14, to the Report and Recommendation ("R&R") of the Magistrate Judge, ECF No. 13, and Defendant's Response to those Objections, ECF No. 15. The R&R recommended denying Plaintiff's Motion for Summary Judgment, ECF No. 10, and affirming the decision of the Commissioner of Social Security. See ECF No. 13 at 2 (R&R). For the reasons set forth below, the court **DENIES** Plaintiff's Motion for Summary Judgment and **AFFIRMS** the Commissioner's decision.

---

[1] In accordance with a committee recommendation of the Judicial Conference, Plaintiff's last name has been redacted for privacy reasons. See Comm. on Ct. Admin. & Case Mgmt. Jud. Conf. U.S., Privacy Concern Regarding Social Security and Immigration Opinions 3 (May 1, 2018).

[2] Since the filing of the case, Martin O'Malley was appointed the Commissioner of Social Security. He is therefore automatically substituted as a party. See Fed. R. Civ. P. 25(d)(1).

## I. PROCEDURAL HISTORY

On September 15, 2023, Plaintiff filed a Complaint in this court appealing the Commissioner of Social Security's decision denying her application for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF Nos. 1 at 2, 13 at 3. On November 15, 2023, the court referred the matter to United States Magistrate Judge Douglas E. Miller pursuant to 28 U.S.C. § 636(b)(1)(B), thereby designating him to "conduct hearings, including evidentiary hearings, if necessary, and to submit to [the undersigned district judge] proposed findings of fact, if applicable, and recommendations for the disposition of this matter." ECF No. 8.

In accordance with the Magistrate Judge's November 16, 2023, Order, ECF No. 9, Plaintiff submitted her Motion for Summary Judgment, ECF No. 10, and an accompanying Memorandum in Support, ECF No. 11, on December 14, 2023. Defendant filed a brief opposing Plaintiff's Motion for Summary Judgment on January 16, 2024. ECF No. 12.

Pursuant to the court's Referral Order, ECF No. 8, on June 20, 2024, the Magistrate Judge filed an R&R recommending that Plaintiff's Motion for Summary Judgment be denied, thereby upholding the Administrative Law Judge's ("ALJ") ruling denying Plaintiff's claim for DIB and SSI. ECF No. 13 at 1-2, 48. The parties then had fourteen (14) days to file written objections to

the R&R. See id. at 49, ECF No. 8 at 1. On July 2, 2024, Plaintiff filed her Objections, ECF No. 14, to which Defendant responded on July 15, 2024, ECF No. 15.

## II. DISCUSSION

Plaintiff's claim before the ALJ sought DIB and SSI for the period starting on January 4, 2020, her amended alleged onset date of disability.[3] R. 372, 406-08.[4] The ALJ followed the five-step analysis set out in the regulations to evaluate Plaintiff's claim of disability. See 20 C.F.R. §§ 404.1520(a), 416.920(a); R. 310-27; see also ECF No. 13 at 30-31 (R&R's summary of ALJ's analysis). The ALJ first determined that Defendant had not engaged in substantial gainful activity since January 4, 2020, and that she suffered from severe physical impairments. R. 310-12. However, the ALJ then found that Plaintiff's impairments did not meet or medically equal a condition within the Social Security Administration's listing of official impairments. R. 312-17. The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform "light work" with limitations. R. 317-24. Further, the ALJ determined that Plaintiff could not perform her

---

[3] Plaintiff previously applied for DIB and SSI with an alleged onset date of disability of January 8, 2019. ECF No. 13 at 2. This application was denied initially and on reconsideration. Id. Plaintiff then amended her onset date to January 4, 2020. Id.

[4] Page citations are to the administrative record that Defendant previously filed with the court. See ECF No. 6.

3

past relevant work, including as a housekeeper, medical assistant, front desk clerk, self-checkout host, or caregiver. R. 324-25. However, the ALJ did find that Plaintiff could perform other jobs in the national economy, such as eyeglass polisher, addresser, and nut sorter. R. 326-27. After conducting this analysis, the ALJ ultimately found Plaintiff was ineligible for benefits because she was not under a disability from January 4, 2020, through the date of the decision, May 13, 2022. R. 327.

### A. Legal Standard

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court, having reviewed the record in its entirety, must make a <u>de novo</u> determination of those portions of the R&R to which the parties have specifically objected. Fed. R. Civ. P. 72(b). For unchallenged portions, the court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

Objections to the R&R must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." <u>Elijah v. Dunbar</u>, 66 F.4th 454,

4

460 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). "Importantly, objections need not be novel to be sufficiently specific." Id. Accordingly, a party's objections may "merely restate[] all of [her] claims" raised before the Magistrate Judge. Id. (internal quotation marks omitted). However, objections must "respond to specific errors in the [R&R] because general or conclusory objections are not proper. General or conclusory objections are the equivalent of a waiver." Scott v. Va. Port Auth., No. 2:17cv176, 2018 WL 1508592, at *2 (E.D. Va. Mar. 27, 2018) (Jackson, J.) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)).

### B. Analysis

Plaintiff raises two (2) objections to the R&R. First, she challenges the Magistrate Judge's finding that the ALJ sufficiently accounted for moderate limitations in her concentration, persistence, and pace, including off-task limitations. ECF No. 14 at 3. Second, she argues the Magistrate Judge erred in finding the ALJ properly performed a "function-by-function" analysis. Id. at 6. The court reviews de novo the portions of the R&R to which Plaintiff objected. Fed. R. Civ. P. 72(b).

In reviewing the ALJ's decision denying benefits, the court is limited to determining whether substantial evidence on the record supports the ALJ's decision and whether the ALJ applied the

proper legal standard in evaluating the evidence. See 42 U.S.C. § 405(g); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Ceres Marine Terminals, Inc. v. Green, 656 F.3d 235, 239 (4th Cir. 2011) (internal quotation marks omitted). "It requires more than a mere scintilla but less than a preponderance." Id. (internal quotation marks omitted). Reversing the denial of benefits is appropriate only if the ALJ's determination is unsupported by substantial evidence on the record, or if the ALJ made an error of law. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Further, if substantial evidence supports an ALJ's decision, the reviewing court cannot reverse that decision based on a "belie[f] that substantial evidence also supports a contrary result." Estep v. Richardson, 459 F.2d 1015, 1017 (4th Cir. 1972). Finally, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [her] decision." Thomas v. Berryhill, 916 F.3d 307, 312 (4th Cir. 2019) (quoting Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014)).

For the reasons explained below, and after conducting a de novo review of the record, the court finds no error in the Magistrate Judge's conclusion that the ALJ's determinations are supported by substantial evidence and are not legally erroneous.

6

### 1. Plaintiff's First Objection

As noted above, Plaintiff first objects to the Magistrate Judge's finding that the ALJ adequately accounted for Plaintiff's moderate limitations in her concentration, persistence, and pace, including off-task limitations. ECF No. 14 at 3. Specifically, Plaintiff claims the ALJ's RFC determination did not account for her diminished capacity to stay on task, as is required by Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). Id. at 4-5. She further argues her concentration problems find support in her testimony and "her continued work with her mental health counselors and her psychiatrist on finding the right combination and dose of medications." Id. at 5 (citing R. 345).

In Mascio, the Fourth Circuit remanded a case in which the ALJ failed to consider the plaintiff's moderate limitations in concentration, persistence, and pace when explaining plaintiff's RFC. 780 F.3d at 638 (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011)). Accordingly, an ALJ's analysis should "'explain why [a claimant's] moderate limitation in concentration, persistence, or pace . . . does not translate into a limitation' in the claimant's RFC." Shinaberry v. Saul, 952 F.3d 113, 121 (4th Cir. 2020) (quoting Mascio, 780 F.3d at 638). Further, the ALJ should analyze "the ability to stay on task" separately from "the ability to perform simple tasks." Mascio, 780 F.3d at 638.

Here, the ALJ considered Plaintiff's diminished capacity to stay on task and explained why that did not merit a limitation in her RFC. To start, the ALJ considered Plaintiff's testimony "that she has difficulty concentrating and focusing." R. 316. The ALJ also acknowledged a mental assessment from May 2021 that "notes a marked limitation in [Plaintiff's] ability to complete a normal workday and workweek without interruptions and to perform at a consistent pace without an unreasonable number and length of rest periods." Id. However, the ALJ explained that this assessment of a "marked limitation" was only "partially persuasive" because it was "not consistent with the longitudinal record." R. 323-24. Likewise, the ALJ found Plaintiff's statements that "her impairments affect her ability to . . . follow instructions; understand; concentrate; and her memory," were "not entirely consistent with the medical evidence and other evidence in the record." R. 318-19.

That record established that Plaintiff "care[s] for her personal needs independently" as well as the needs of her daughter and dogs. R. 316. She can "prepare simple meals, do light housework, drive, shop in stores, manage money, color, watch television, and spend time with family and friends." Id. Further, multiple examinations indicated that Plaintiff's memory was consistently intact, with only moderate limitations in this area. Id. Even the May 2021 assessment noted only moderate limitations

8

in Plaintiff's ability to "maintain attention and concentration for extended periods of time." Id. Considering this entire record and giving Plaintiff the benefit of the doubt, the ALJ reasonably found "no more than a moderate limitation in concentrating, persisting, or maintaining pace." Id. The RFC thus limits Plaintiff to "simple routine repetitive tasks, but no complex tasks, in a low stress work environment" with only "occasional decision making and occasional changes in work setting" as well as "frequent interaction with coworkers and supervisors." R. 317-18. These latter specifications regarding work environment, decision making, and interactions with coworkers and supervisors specifically "accommodate her mental health symptoms." R. 322.

Plaintiff's reliance on her continued mental health counseling and fluctuating medication regimen as evidence of her inability to stay on task is not persuasive. As the ALJ explained, Plaintiff's mental health "treatment is noted to be conservative, with no referral for any more intensive mental health treatment." R. 321. Additionally, after March of 2020, "there is no indication" of "any of her providers either taking her out of work or placing limitations on her from a mental health standpoint." Id. In short, Plaintiff's participation in mental health counseling and her inconsistent medication dosages do not change the fact that substantial evidence supports both the ALJ's conclusions about her ability to stay on task and the RFC's assessment of that ability.

9

For these reasons, based on the court's de novo review of the record, the court agrees with the Magistrate Judge's conclusion that substantial evidence supports the ALJ's decision. ECF No. 13 at 32. As the R&R explains, "[t]he ALJ specifically accounted for potential ongoing issues in the RFC," and the ALJ's reasons for imposing those limitations are "sufficient to permit judicial review." Id. at 35-36 (citing R. 29-32). Therefore, the court **OVERRULES** Plaintiff's first objection.

### 2. Plaintiff's Second Objection

Plaintiff also argues the ALJ failed to perform a "function-by-function" analysis within the RFC assessment. ECF No. 14 at 6. Under the relevant Social Security rule, that "'assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions' listed in the regulations." Mascio, 780 F.3d at 636 (quoting SSR 96-8p, 61 Fed. Reg. 34,474, 34,475 (July 2, 1996)). Those functions include "physical abilities" and "mental abilities." See SSR 96-8p; 20 C.F.R. §§ 404.1545(b)-(c), 416.945(b)-(c). After the ALJ conducts the function-by-function analysis, the RFC may "be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p.

Plaintiff avers that the ALJ mistakenly "express[ed] Plaintiff's RFC first" and "then conclud[ed] the limitations caused by her impairments were consistent with the RFC." ECF No. 14 at 6. In other words, "the ALJ took a disorganized approach, considering Plaintiff's RFC in terms of conditions and evaluations instead of functions." Id. at 7. This error, Plaintiff contends, is "most concerning" regarding her lymphedema and mental conditions, including "her documented symptoms of difficulty concentrating and difficulty following directions." Id. at 6.

Contrary to Plaintiff's assertion, the ALJ properly undertook a function-by-function analysis by assessing Plaintiff's physical and mental abilities and tying those assessments to the RFC. The analysis of physical abilities accounted for Plaintiff's back pain, left ankle, asthma, and lymphedema. R. 319. The ALJ examined these ailments and their effects on Plaintiff's physical abilities. R. 319-21. According to various medical records, the back and ankle pain did not cause an abnormal gait or walking, and her asthma was stable and did not cause any emergency room visits or reduced breathing capacity. R. 320-22. As for lymphedema, which is swelling resulting from the "obstruction of lymphatic vessels or lymph nodes,"[5] the ALJ noted that "[w]hile there were multiple examinations where the claimant had swelling on one or both of her

---

[5] Lymphedema, Stedmans Medical Dictionary, 516910 (2014).

11

legs, these findings were not consistent in that there were many examinations where she had no swelling." R. 320. The ALJ also highlighted that "three providers who were approached to fill out disability paperwork for [Plaintiff] relative to her lymphedema[] refused to complete the same." R. 322. Finally, the ALJ acknowledged Plaintiff's testimony that she uses a compression machine for four (4) hours a day, two (2)-to-five (5) days a week to reduce swelling. R. 321. But, the ALJ observed, the machine only appears once in Plaintiff's medical records, a January 2022 Nurse Practitioner's note, and that entry does not establish how frequently Plaintiff used the machine. Id. (citing R. 2550). After considering all this evidence, the ALJ concluded that the RFC would appropriately limit Plaintiff to "light work." R. 322.

The function-by-function analysis also properly considered Plaintiff's mental abilities, including "her documented symptoms of difficulty concentrating and difficulty following directions." ECF No. 14 at 6. First, the ALJ examined Plaintiff's testimony that she "has difficulty functioning, is off task, has memory loss, [and] has difficulty being consistent." R. 319. However, "[a]fter careful consideration of the evidence," the ALJ continued, these statements about "the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Id. For example, the clinical findings on Plaintiff's mental status examinations

12

indicated that she had an "intact memory" and that "[s]he is also noted to have logical, coherent, and relevant thought processes." R. 321. Further, as discussed above, she received "conservative" mental health treatment with no referrals for "more intensive mental health treatment." Id. Moreover, no records indicate that Plaintiff's providers removed her from work or placed limitations on her work "from a mental health standpoint" after March of 2020. Id. The ALJ also weighed that Plaintiff can "perform a wide array of activities despite her impairments," such as caring for herself and her daughter, doing light housework, and managing her finances. R. 322. Considering all these factors, the ALJ concluded that the RFC's limits of "light work," "unskilled work," and "low stress work" accounted for Plaintiff's impairments that were supported by the record. Id.

In sum, the ALJ properly "assess[ed] [Plaintiff's] capacity to perform relevant functions." Mascio, 780 F.3d at 636. Notably, this analysis "include[d] a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-9p. Therefore, the court agrees, after de novo review, with the R&R's conclusion that "the ALJ performed the required function-by-function analysis and her RFC was supported by substantial evidence." ECF No. 13 at 47. Plaintiff's second objection is accordingly **OVERRULED**.

## III. CONCLUSION

For the reasons stated above, and having reviewed the record in its entirety, and having conducted a *de novo* review of those portions of the R&R to which Plaintiff objected, the court hereby **OVERRULES** Plaintiff's Objections, ECF No. 14, and **ADOPTS AND APPROVES IN FULL** the findings and recommendations set forth in the Magistrate Judge's thorough and well-reasoned R&R, filed on June 20, 2024, ECF No. 13. Accordingly, Plaintiff's Motion for Summary Judgment, ECF No. 10, is **DENIED**. The decision of the Commissioner is **AFFIRMED**, and this matter is **DISMISSED WITH PREJUDICE**.

The Clerk is **DIRECTED** to enter judgment in favor of Defendant and close the case on this court's docket. The Clerk is further **DIRECTED** to send a copy of this Final Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/ Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

August 6, 2024